IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| VIP PUMP SERVICES, LLC, and | § | |
| VIP WELL SERVICES, LLC, | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  2:24-CV-00703-JRG |
| | § | |
| WILLIAM BOYDE POOLE, ROBERT W. | § | |
| JACKSON, and JAMES WOFFORD, | § | |
| *Defendants.* | § | |

**MEMORANDUM OPINION AND ORDER**

The Court issues this Order *sua sponte*.[1]

## I.  BACKGROUND

Plaintiffs VIP Pump Services, LLC, and VIP Well Services, LLC (together, the "Plaintiffs")

assert two actions against Defendants William Boyde Poole and Robert W. Jackson, which are

pending in different divisions in the Eastern District of Texas. (*See* Case Nos. 9:24-cv-00127-MJT;

2:24-cv-00703-JRG.)   The first-filed case, *VIP Pump Services, LLC, et. al., v. Poole et. al.,* No.

9:24-cv-00127-MJT (E.D. Tex. July 12, 2024), is pending before Judge Truncale in the Lufkin

Division and the second-filed case, *Alpha Pressure Pumping, LLC, et. al., v. Poole et. al*., No.

2:24-cv-00703-JRG (E.D. Tex. Aug. 28, 2024), is pending before this Court.[2]

## II.  DISCUSSION

As a matter of judicial efficiency and to avoid inconsistent or conflicting rulings among

the two related actions, the Court finds that this action should be transferred to the Lufkin Division

---

[1]  Though Defendants William Boyde Poole, Robert W. Jackson, and James Wofford (together, the "Defendants") request in their second renewed motion to dismiss that if this action is not dismissed, then it should be "consolidated with the first-filed action," (Dkt. No. 38 at 1), the Court leaves it to the Federal District Court for the Lufkin Division to determine upon transfer of this action whether consolidation is appropriate. *See Sutter Corp. v. P & P Indus., Inc*., 125 F.3d 914, 920 (5th Cir. 1997) (remanding to the district court so it may transfer the matter to the [court in which the action was first filed] for resolution of whether the action should be should be consolidated).

[2]  The case pending in the Lufkin Division is styled differently than the case pending in the Marshall Division because the Plaintiffs filed a Motion to Amend the Case Style in the Lufkin Division but have not done so in the Marshall Division.  Despite the different case styles, the parties in these case are the same notwithstanding the presence of Defendant James Wofford in the Marshall case.

pursuant to the first-filed rule. *See Cadle Co. v. Whataburger of Alice, Inc*., 174 F.3d 599, 606 (5th Cir. 1999) ("[O]nce the district court found that the issues might substantially overlap, the proper course of action was for the court to transfer the case to the [court in which the action was first filed] . . . ."); *Sutter Corp. v. P & P Indus., Inc*., 125 F.3d 914, 920 (5th Cir. 1997) (remanding to the district court so it may transfer the matter to the [court in which the action was first filed] for resolution of whether the action should be should be consolidated).

Here, both actions are substantially similar. Both actions involve the same remaining plaintiffs (VIP Pump Services, LLC, and VIP Well Services, LLC) (together, the "Plaintiffs") and two of the same defendants (William B. Poole and Robert W. Jackson), though the second-filed case includes an additional defendant, James Wofford.[3] All parties in both actions are represented by the same lawyers on both sides. Both cases concern overlapping facts and law arising from an investment contract executed between the parties. Moreover, the same witnesses and evidence will likely be presented in both actions. Finally, both actions have similar motions to dismiss pending. Consequently, the Court finds that this action substantially overlaps with the first-filed case and should transferred to the Lufkin Division pursuant to the first-filed rule. *Samuel v. Signal Int'l L.L.C.*, No. 1:13-CV-323, 2013 WL 12138878, at *2 (E.D. Tex. Dec. 2, 2013) ("The first-to-file rule does not require that cases be identical, but merely that there is a substantial overlap in issues and parties.").

### III. CONCLUSION

Accordingly, the above-captioned case is hereby transferred to the Lufkin Division pursuant to the first-filed rule. The Court directs that, upon transfer to the Lufkin Division, the Clerk of the Court assign this case to Judge Michael J. Truncale for all purposes.

---

[3] The fact that Defendant Wofford is not a party to the first-filed case does not affect this result. *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 951 (5th Cir. 1997) ("Complete identity of parties is not required for dismissal or transfer of a case filed subsequently to a substantially related action.").

**So ORDERED and SIGNED this 25th day of March, 2025.**

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE